NUMBER 13-00-392-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


CHRISTOPHER MICHAEL SCHUBERT , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 366th District Court

of Collin County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Rodriguez, and Kennedy (1)

Opinion by Justice Kennedy


Appellant was convicted in a bench trial of the felony offense of delivery of a controlled substance (heroin) in an amount of
one gram or more but less than four grams. He pleaded "true" to the three prior felony offenses alleged against him in the
indictment. The court found appellant guilty of the primary offense and, based upon his further finding that each of the
alleged prior offenses were true, assessed punishment at confinement for 15 years. 

Appellant was apprehended as the result of a sale he made to a police informant who then testified against him. The
purchase was arranged by officers of the Plano Police Department using marked currency. Certain officers observed the
purchase and other officers then followed appellant's car and made the arrest following a traffic stop. 

Appellant's brief presents five grounds of error, the first of which alleges ineffectiveness assistance of counsel in four
particulars:

1) Trial counsel did not file any motions for discovery and no hearings were held before the court to gain discovery of evidence.

2) Trial counsel had the appellant enter a plea of true to the enhancement paragraphs before any evidence was presented in
the guilt phase of the trial. 


3) Trial counsel had no objections to State's exhibits nos. 2, 3, and 4 admitting the capsules of heroin without challenging
the chain of custody of the evidence.

4) Trial counsel had no objections to State's exhibits nos. 10, 11, 12, 13, and 14, the pen packets of prior felony convictions
of appellant; the documents were admitted without any challenge or the proof that the appellant was the same person as
identified in the pen packets.

Appellant correctly sets out the two-part standard for judging ineffective assistance of counsel as originally announced in
Strickland v. Washington, 466 U.S. 668, 687 (1984), and reiterated by this State in Hernandez v. State, 726 S.W.2d 53,
54-55 (Tex. Crim. App. 1986). He correctly states that the defendant must prove ineffectiveness of counsel by a
preponderance of the evidence, citing Moore v. State, 694 S.W.2d 528 (Tex.Crim. App. 1985). (2) 

The Strickland standard is in two parts, in essence, (1) the court determines whether counsel's performance fell below an
objective standard of reasonableness under prevailing professional norms and (2) the defendant must show that there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 687. Appellant's allegations of ineffective assistance fail the first prong of Strickland because, while
they state that trial counsel did, or did not, do certain things, they don't say why he should not, or should, have done these
things. The implication is that trial counsel should always (1) file motions for discovery, (2) decline to enter a plea of
"true" to enhancement paragraphs, and (3-4) make objections to the State's exhibits and challenge the chain of custody
thereto. What we are saying here is that, unless it is always proper and prudent to do these things, appellant's counsel must
show why it was professionally incompetent for trial counsel to do (or not do) these things as trial counsel did in this
particular case. Because we find that it has not been proven that trial counsel's performance fell below an objective
standard of reasonableness under prevailing norms, it is not necessary that we decide if the second part of the Strickland
standard has been met. However, we have carefully studied appellant's brief and the record and it has not been
demonstrated to us that, but for the alleged commissions and omissions the result of the proceeding would have been
different. The State provided a solid case of guilt and an assessment of 15 years confinement is not unreasonable for a
defendant convicted of four felony offenses. We overrule appellant's first ground of error.

Appellant's next two grounds of error allege legally (ground two) and factually (ground three) insufficient evidence to show
delivery of heroin to the person alleged to have received it. The final two grounds allege legally (four) and factually (five)
insufficient evidence that the delivery in questions was in an amount of at least one gram. 

To determine whether the evidence is legally sufficient to support the verdict, we view the evidence in the light most
favorable to the verdict and ask whether any rational of trier of fact could have found the essential evidence of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Weightman v. State, 975 S.W.2d 621, 624 (Tex.
Crim. App. 1998). In a factual sufficiency review, we examine all the evidence impartially and set aside the verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). 

Delivery may be provided under three different theories: by actual transfer, constructive transfer, and "offer-to-sell." Cano
v. State, 3 S.W.3d 99, 105 (Tex. App.-Corpus Christi 1999, pet. ref'd). Actual delivery occurs when real possession and
control of the substance is transferred from one person to another. Id. 

The State's evidence providing delivery, we summarize as follows: An informant contacted investigator John Britton of the
Plano Police Department in reference to a person who was selling heroin in the Plano area. This informant agreed to set up
a purchase with this person. Investigator Britton, Rose Spears, Sergeant A. D. Paul, Detective Gary Pitcock, Detective
Danny Hartschuh, and Detective Brian Quinn were going to provide surveillance and assist in the purchase. Subsequently,
Britton, Paul, Quinn, and Hartschuh met with the informant and at this meeting, Britton searched the informant's car and
her purse and found no heroin or contraband. Detective Quinn assisted the informant in recording a phone call from a
payphone to appellant's pager. The phone rang back and informant arranged the heroin purchase. Detective Quinn also
placed an "on-the-body recorder" on the informant. At this time, Investigator Britton and Detective Quinn gave the
informant eighty dollars in United States Currency that she was to use to purchase the heroin from appellant. Quinn copied
the serial numbers from the currency given to informant. 

Informant and the officers then went to the place where they were to meet with appellant. Investigator Britton parked his
car directly across the street from the meeting point. Britton observed appellant's car drive up where the informant was to
meet him. (The informant had given the officer a description of appellant's car). Britton observed only one occupant in the
vehicle. At the meeting point, the informant got into the vehicle with appellant. Detective Hartschuh was positioned at the
meeting point and filmed the transaction from the back seat of his vehicle. He identified appellant in open court as the
person he saw drive up and meet with the informant. 

As the informant was leaving the meeting point, Detective Quinn drove by that location and the informant followed him to
another parking lot. Once there, they conferred and the informant gave Quinn a cigarette packet that contained ten capsules
of heroin. Quinn then checked the informant's pockets for any other contraband she might have on her person. He also
checked her vehicle and found no heroin or other contraband.

After being notified by radio that appellant had left the scene, Britton began to follow appellant's car. He performed a
traffic stop on appellant for making a wide right turn and for changing lanes without signaling. When Britton and the
appellant confronted each other, Britton testified that he observed what appeared to be heroin stuck to the leg of appellant's
shorts. Then Britton took the capsule from the leg of appellant's shorts and placed appellant under arrest. During the
search of appellant's car incident to arrest, officers found a capsule of heroin on the passenger's side floorboard and also a
capsule of heroin lying on the ground on the driver's side by the curb. Once at the jail, appellant wrote a statement that said
he had swallowed about half a gram of heroin capsules earlier in the day.

Appellant's evidence consisted solely of his own testimony. He denied having delivered heroin to the informant, although
he admitted knowing her and meeting her. He claimed the meeting was for the purpose of her loaning him the money he
received from her. He suggested that the informant wanted to date him but that he never dated her and she was jealous of
another women who he was seeing.

The trial judge heard all of this evidence and found appellant guilty. Unless the available record clearly reveals a different
result is appropriate, an appellate court must refer to a fact finder's determination concerning what weight must be given
contradictory testimonial evidence. Johnson, 23 S.W.3d at 8. 

The State's evidence is neither legally nor factually insufficient to prove delivery. We overrule grounds of error two and
three. 

During the trial of this case, appellant stipulated to the testimony of a department of public safety chemist that he examined
and weighed certain samples of substances submitted to him in this case. The stipulation would also cover his reports, a
portion of which would show that a certain numbered sample contained heroin and weighed 1.82 grams. The numbered
exhibit was identified by one of the testifying officers in court to be the ten capsules of a substance given by the informant
to him following the delivery. This was the only evidence presented on the weight of the heroin. 

Again, the State's evidence is neither legally nor factually insufficient to prove that appellant delivered one gram and more,
but less than four grams of heroin to the informant. We overrule grounds of error four and five and AFFIRM the judgment
of the trial court.

 

NOAH KENNEDY

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 29th day of November, 2001. 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. He also concedes that the right of counsel affords a defendant an attorney reasonably likely to render reasonably effective
assistance rather than errorless counsel whose competency is judged by hindsight.